T.C. Summary Opinion 2011-56


UNITED STATES TAX COURT


CAROLYN GAY HARPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29332-08S.                  Filed May 2, 2011.


Carolyn Gay Harper, pro se.

<u>Shirley M. Francis</u>, for respondent.


MORRISON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  All section references are to the Internal Revenue Code

for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The respondent (whom we refer to as the IRS) issued to the petitioner, Carolyn Gay Harper, notices of deficiency determining the following deficiencies in taxes and additions to tax:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Addition to Tax Sec. 6651(a)(2) | Addition to Tax Sec. 6654 |
|------|-----------|------------------|------------------|-----------|
| 2005 | $6,211 | $1,397.47 | $869.54 | $249.10 |
| 2006 | 4,060 | 913.50 | 324.80 | 192.13 |

The IRS has conceded that Ms. Harper is not liable for the addition to tax for failing to make estimated tax payments of her 2005 tax liability. Resolving the remaining issues, we determine that:

(1) The amounts that Harper received from Lane County, Oregon for the care of her disabled adult son ($37,413.28 in 2005 and $39,288.96 in 2006) are includable in her gross income;

(2) Harper is required to include amounts in her gross income for 2005 because of $10,557 in pension and annuity payments she received from the Social Security Administration;

(3) Harper is liable for section 6651(a)(1) additions to tax for failing to file income tax returns for 2005 and 2006 (in the amounts of $1,397.47 and $913.50, respectively) and

section 6651(a)(2) additions to tax for failure to pay income tax for 2005 and 2006; and

(4) Harper is liable for the section 6654 addition to tax for failing to make estimated tax payments of her 2006 income tax liability.

## Background

The stipulation executed by the parties is hereby adopted. Harper resided in Oregon when she filed her petition. Harper has an adult son who is disabled and cannot care for himself. Harper is his court-appointed guardian. In 2004 and 2005, Lane County, Oregon, contracted with Resource Connections of Oregon, a fiscal intermediary service used to perform payroll services, to pay Harper to care for her son. Harper received payments of $37,413.28 in 2005. She received payments of $39,288.96 in 2006.

Harper received $10,557 in Social Security benefits in 2005. This amount was reported to the IRS on Form SSA-1099, Social Security Benefit Statement.

Harper did not file federal income tax returns for the tax years 2005 and 2006. She did not seek the advice of a tax professional about her income tax filing requirements.

The IRS filed substitute returns on July 8, 2008, for tax years 2005 and 2006.

Harper does not dispute that she received the amounts that the IRS determined should be included in her gross income, but

she disputes whether those amounts should be included in her gross income.

### Discussion

I. The Amounts That Harper Received From Lane County, Oregon, for the Care of Her Disabled Adult Son ($37,413.28 in 2005 and $39,288.96 in 2006) Are Includable in Her Gross Income.

Section 61(a) provides that, except as otherwise provided,

> gross income means all income from whatever source derived, including (but not limited to) the following items:
>
> (1) Compensation for services, including fees, commissions, fringe benefits, and similar items;

According to the record, the payments that Harper received from Lane County were payments for her taking care of her disabled adult son. On February 3, 2006, Resource Connections of Oregon wrote a letter to Harper explaining that the Lane County support plan for Harper's son provided that Harper was paid by the county to assist her son in all areas of daily living. The payments from Lane County were therefore payments for services.

In Bannon v. Commissioner, 99 T.C. 59, 60 (1992), the taxpayer cared for her 37-year-old mentally retarded daughter in her own home. The State of California paid for the care under a program to provide nonmedical in-home supportive services. Id. Because of the daughter's incompetency, the taxpayer had the authority to act on her behalf in selecting the daughter's care providers. Id. The taxpayer chose to provide care herself. Id. During the first five months of 1986, the State wrote the checks

to the daughter directly, and the taxpayer cashed the checks on behalf of the daughter.  Id.  During the last seven months of 1986, the State wrote the checks directly to the taxpayer.  Id.  The State considered the daughter to be the recipient of the benefits of the state program.  Id.  The taxpayer argued that under the "general welfare doctrine" the amounts she received were not includable in her income.  Id. at 62-63.  The IRS conceded that benefits paid by the State of California pursuant to the program were not income to recipients of aid such as the taxpayer's daughter.  Id. at 63.  The Court held that, because the taxpayer was not the recipient of aid, the payments were taxable to her as compensation income.  Id.

Like the taxpayer in Bannon, Harper argues that the amounts she received from Lane County were excludable from her income under the general welfare doctrine.  But like the taxpayer in Bannon, Harper is not the recipient of the government aid.  Therefore, the Lane County payments are not excluded from Harper's income.

Harper argues that the care that she provided her son is the same type of care that she had provided him for all his life without payment from the county.  She also argues that she is not in the business of providing care for disabled persons and that she is not an employee of the government or of her son.  These

points do not detract from the fact that she was paid for services.  Payments for services are income.

II.  Harper Is Required To Include Amounts in Her Gross Income in 2005 Because She Received $10,557 in Pension and Annuity Payments From the Social Security Administration.

The IRS determined that Harper was required to include amounts in her gross income for 2005 because she received $10,557 of Social Security Administration benefits during 2005.  Harper's petition, her testimony, and her brief do not contest this determination.  Although the stipulation states that Harper generally contests the inclusion in her income of all of the amounts determined to be includable in her income by the notice of deficiency, this is not specific enough a contention.  We consider Harper to have waived any contention that the $10,557 is excludable from income.  See Rule 34(b)(4).

III.  Harper Is Liable for Section 6651(a)(1) Additions to Tax for Failing To File Income Tax Returns for 2005 and 2006 (in the Amounts of $1,397.47 and $913.50, Respectively) and Section 6651(a)(2) Additions to Tax for Failure to Pay Income Tax for the Taxable Years 2005 and 2006.

The IRS has the burden of producing evidence that the taxpayer is liable for additions to tax.  See sec. 7491(c).  If the IRS produces evidence demonstrating that the taxpayer is liable for the additions to tax, the taxpayer must provide sufficient evidence to convince the Court that the IRS's determination is incorrect.  Higbee v. Commissioner, 116 T.C.

438, 447 (2001).  For certain defenses that the taxpayer can assert against the imposition of additions to tax, such as that the taxpayer had reasonable cause for not filing the return, the burden of proof is on the taxpayer.  Id.  For the tax years 2005 and 2006 Harper did not file tax returns.  The filing of the substitute returns is disregarded for the purpose of the section 6651(a)(1) addition to tax for the failure to file returns.  Sec. 6651(g)(1).  However, the substitute returns are considered returns for the purpose of the section 6651(a)(2) addition to tax for failing to pay tax shown on the returns.  Sec. 6651(g)(2).  Harper did not pay the tax shown on the substitute returns.

Harper's failure to file returns and pay taxes is not attributable to reasonable cause.  Harper did not hire a tax professional to prepare her tax returns for 2005 and 2006.  She did not explain how she arrived at the conclusion that she was not required to file returns.  She argues that she should be excused from the additions to tax because she had attempted to convince Resource Connections of Oregon to stop reporting the payments to the IRS.  That organization had been reporting the payments it made to her to the IRS on Forms W-2, Wage and Tax Statement.[1]  Harper's efforts to stop these Forms W-2 from being issued are irrelevant.  Nothing about the efforts demonstrates

---

[1]The Forms W-2 listed Harper as both the employer and the employee.

that Harper attempted to comply with her obligations under the tax laws. She is therefore liable for each year for the section 6651(a)(1) addition to tax for failing to file a return and the section 6651(a)(2) addition to tax for failing to pay tax.

IV. <u>Harper Is Liable for the Section 6654(a) Addition to Tax for Failing To Make Estimated Tax Payments of her 2006 Income Tax Liability</u>.

The IRS has established that Harper was required to make estimated tax payments for the tax year 2006. See <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 211-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). She made no payments. Nor has she shown that she is exempt under section 6654(e). She therefore is liable for the addition to tax under section 6654(a) for the taxable year 2006.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.